Essex County Circuit Court.

PETER DORSA, Jr., BY HIS NEXT FRIEND, PETER DORSA, AND PETER DORSA, INDIVIDUALLY, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, A CORPORATION.

For the plaintiff, *Stein, McGlynn & Hannoch.*

For the defendant, *Henry H. Fryling.*

PORTER, J.  This is an application for an order directing the clerk of this court to issue execution against the defendant on a judgment recovered in this court by the plaintiff as next friend for Peter Dorsa, Jr.

The facts, as agreed to, are as follows:

Peter Dorsa, Jr., is an infant under the age of twenty-one years.  Judgment was recovered in his favor against the defendant in the sum of $1,725 damages and $167.50 costs. The attorneys for the plaintiff seek to collect the amount of the judgment, and tender to the defendant a warrant of satisfaction of said judgment executed by them as attorneys.  The attorney for the defendant refuses to pay the judgment, and insists upon a warrant executed by a guardian of the estate of the infant duly appointed and qualified.

The question thus presented is whether the next friend has authority to represent the infant after judgment.

The statute (*Comp. Stat., p.* 4055, § 18), provides for the appointment of a guardian "to prosecute or defend" an action for or against an infant.  This guardian is usually called "next friend."  His authority is restricted to the prosecution

or defense of the suit, and ends there. He has no authority to act for the infant beyond that, and so cannot collect the judgment.

In this case the next friend is the father of the infant. As such he is the natural guardian of the person of his son. He is not, however, the guardian of the estate of his son, who alone is entitled to the possession of property of the infant. Such guardian must be appointed as required by the Orphans Court act, section 40, and must give security for the faithful performance of his office as provided by section 49 of said act.

The motion is denied.